**UNITED STATES of America,**

v.

**Elizabeth JACKOWE, Defendant.**

**No. 86 Cr. 961 (RWS).**

United States District Court,
S.D. New York.

Jan. 5, 1987.

## MEMORANDUM OPINION

SWEET, District Judge.

This trial presents a new question with respect to the level of intent which the government must prove under 18 U.S.C. § 666(c), titled "Theft or bribery concerning programs receiving Federal funds." The statute, a part of the Comprehensive Crime Control Act of 1984, is of recent vintage, and, as far as the court can determine, the issue of the requisite level of intent has not been joined or directly decided before.

Section 666 was enacted to resolve a problem presented by 18 U.S.C. § 201, which punishes making payments to federal officials. In interpreting § 201, conflict had arisen among circuits as to whether § 201 applied to state or private employees who dispersed federal funds. To ensure that a prosecutorial device existed to reach the giving and receiving of bribes by non-federal employees who administer federal funds, Congress enacted § 666. In so doing, however, it created additional problems.

Section 201 contains provisions which separately outlaw giving *bribes* and giving *gratuities* to federal officials. To convict a defendant under the provisions proscribing *bribery* of federal officials, § 201(b, c, d, e), the government must prove that the defendant intended to influence or induce an official's actions through corrupt giving. *United States v. Irwin*, 354 F.2d 192, 196–97 (2d Cir.1965). If convicted under these provisions, a defendant is exposed to a $20,000 fine and fifteen years in jail.

On the other hand, to convict a defendant under the provisions proscribing giving gratuities to federal officials, § 201(f, g, h, i), the government does not need to prove any intent to influence an official at all. *United States v. Irwin*, 354 F.2d 192, 196–97 (2d Cir.1965). The Second Circuit has explained the harm of "tipping" federal officials this way:

> The awarding of gifts thus related to an employee's official acts is an evil in itself, even though the donor does not

corruptly intend to influence the employee's official acts, because it tends, subtly or otherwise, to bring about preferential treatment by government officials or employees, consciously or unconsciously, for those who give gifts as distinguished from those who do not.

*Id.* at 196. Thus under the gratuity provision, the government needs to show that the defendant intended only to make a gift (or an offer of one) to a federal official because of an official act, not that the gift was given in order to influence conduct corruptly. Violating the gratuity provisions, subjects one to a maximum term of imprisonment of two years, compared to the fifteen for bribery.

Congress, in seeking to cast the penal net over those bribing state or private officials who dispense federal funds, was unclear about whether it was trying to replicate the *bribery* provisions or the *gratuity* provisions of § 201. Although the legislative history does not address this point directly, it speaks entirely in terms of "bribery," and never uses the words "gratuity" or "gift." *See* S.Rep. No. 225, 98th Cong., 2d Sess. 369–70, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3510–11 (Senate Committee on Judiciary) (discussing S. 1762, from which Congress drew much of the Comprehensive Crime Control Act of 1984). Similarly, § 666 is titled "Theft or *bribery* concerning programs receiving Federal funds" (emphasis added), and the ten-year penalty in the provision is much closer to the fifteen-year penalty for § 201 bribery than to the two-years for § 201 gift-giving. Indeed, if § 666(c) were construed to track § 201(f) in proscribing gift-giving, the law would be faced with the uncomfortable anomoly that giving gifts to *federal* officials dispensing federal program funds is punishable by only two years, whereas giving gifts to *state* officials dispensing federal program funds is punishable by ten.

On the other hand, the language employed in § 666 more closely matches the language of the gratuity provisions of § 201 than it does the bribery provisions.

Whichever of the ways that the court construes § 666, whether as a gratuity provision or as a bribery provision, one of the two meanings of § 201 will be lost. Construed the way the defendant would have it, § 666 contains no gratuity provision. Yet construed the way the government would have it, § 666 contains no bribery provision. Faced with this difficulty, the court turns to well-worn canons of construction for guidance, first of which is that criminal statutes are to be strictly construed against the government. *United States v. Barquin*, 799 F.2d 619 (10th Cir.1986), the only decision cited to the court on § 666 applied this strict construction canon. Further, there is the principle that omission of any mention of intent in a statute will not be interpreted to eliminate intent as an element. *See Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 249, 96 L.Ed. 288 (1952).

Congress having remained silent on the subject of intent in § 666, the court construes the provision—which is labelled a "bribery" section in its title and which carries a penalty five times that provided in § 201's gratuity provisions—to carry the level of intent generally present in bribery: the government must prove that the defendant intended to influence the recipient's conduct in the course of his employ. This interpretation accords with the general principle that enhanced punishment often attaches to higher degrees of intent, *see Morissette*, 342 U.S. at 264, 72 S.Ct. at 250, avoids any potential problems of fair notice arising out of ambiguity on this point because of § 666's silence, and avoids any potential constitutional claims of disproportionality or equal protection due to the difference in punishment that would be authorized for those who give gifts to federal as opposed to state or private employees engaged in the same type of enterprise.

IT IS SO ORDERED.